| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: August 15, 2017 11:48 AM<br>FILING ID: 49F1AD93E2A8A<br>CASE NUMBER: 2017CV31808 |
|---|---|
| **Plaintiff:** JOHN SALAZAR,<br><br>v.<br><br>**Defendant:** EMPLOYERS MUTUAL CASUALTY COMPANY, a foreign Iowa corporation d/b/a EMC INSURANCE CO. | ▲ COURT USE ONLY ▲ |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone Number: (303) 333-8000<br>Fax Number:    (303) 333-8005<br>Emails:       jordan@levlawllc.com<br>              andrew@levlawllc.com<br>              sarah@levlawllc.com | Case No.<br><br>Division |
| **COMPLAINT** ||

COMES NOW Plaintiff, John Salazar, by and through his attorneys, Levine Law, LLC, and for his Complaint against Defendant, Employers Mutual Casualty Company, a foreign Iowa corporation d/b/a EMC Insurance Co., states and alleges as follows:

**BACKGROUND/GENERAL ALLEGATIONS**

1. Plaintiff, John Salazar, (hereinafter "Plaintiff" and/or "Plaintiff Salazar") is driver who drove a vehicle owned by KJT Enterprises LLC which is under a policy of automobile insurance with Defendant Employers Mutual Casualty Company, a foreign Iowa corporation d/b/a EMC Insurance Co., Policy Number 3E46384. Said insurance policy calls for $1,000,000.00 in Underinsured Motorist Coverage.

2. At all times relevant hereto, Plaintiff, Salazar, resides at 19870 E. Caspian Circle, Aurora, CO 80013.

3. Defendant, Employers Mutual Casualty Company, an Iowa corporation d/b/a EMC Insurance Co., (hereinafter "Defendant EMC"), is a foreign Iowa corporation, authorized to do business in the State of Colorado, with offices located in the County of Arapahoe, Colorado.

4. Defendant EMC regularly transacts business in the State of Colorado including the County of Arapahoe.

5. At approximately 7:28 a.m. on September 9, 2015, in Broomfield County. Our client was a restrained driver in a 2013 Ford Focus own by KJT Enterprises, stopped for traffic westbound on West 144th Avenue. At that same time and place, Joshua Bronstein, driving a 2000 Mitsubishi Outlander, failed to stop and rear-ended Plaintiff. The impact was so severe that Plaintiff was pushed into the vehicle stopped in front of Plaintiff. The 2013 Ford Focus sustained severe damage to the entire front and rear ends, damaging the vehicle beyond repair resulting in a total loss. Joshua Brookstein was cited for "Careless Driving."

6. As a result of the collision, Plaintiff sustained severe injuries including, but not limited to, left knee and neck, which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

7. At the time of the September 9, 2015, accident, the 2013 Ford Focus being driven by Plaintiff was insured under a policy of automobile insurance from Defendant EMC as set forth above.

8. At all times relevant hereto and at the time of the accident, the owner of the 2013 Ford Focus KJT Enterprises's premiums with Defendant EMC were paid and were/are current. The subject insurance policy was in full force and effect at this time of the accident.

9. Plaintiff promptly notified Defendant EMC of the accident and of the underinsured motorist claim.

10. Upon information and belief, there are no mandatory arbitration provision(s) contained in KJT Enterprises's insurance policy with Defendant EMC.

11. The aforesaid policy of insurance covered Plaintiff for, among other things, Underinsured Motorist benefits up to the amount of $1,000,000.00 pursuant to C.R.S. 10-4-609.

12. The driver of the vehicle responsible for the accident, Joshua Brookstein was underinsured at the time of the accident.

13. Plaintiff and Defendant EMC have been unable to resolve Plaintiff's Underinsured Motorist Claims.

14. Defendant EMC is a for profit insurance company actively doing business in the State of Colorado, including in the County of Arapahoe.

15. This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the County of Arapahoe, State of Colorado as the place where Defendant EMC conducts business.

16. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

## FIRST CLAIM FOR RELIEF
### (Violation of §10-3-1115, and §10-3-1116 C.R.S.A.)

17. Plaintiff incorporates paragraphs 1 through 16 above as though fully set forth herein.

18. The purpose of the Uninsured/Underinsured Motorist Statute, C.R.S. §10-4-609, *et seq.*, is to enable an insured to obtain compensation from his/her automobile liability or motor-vehicle liability insurer for a loss resulting from negligent conduct of an uninsured or underinsured motorist that is equal to the compensation obtainable for the negligent conduct of a properly insured motorist.

19. Insurance carriers owe their insureds a duty of good faith and fair dealing, are required to abstain from deceptive or misleading practices, and must keep, observe and practice the principles of law and equity in all dealings with their insureds. See C.R.S. §§10-1-101, 10-3-1113.

20. Colorado statutes identify unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including, but not limited to the following:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issues (C.R.S. §10-3-1104(h)(I)).

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy (C.R.S. §10-3-1104(h)(III)).

   c. Refusing to pay claims without conducting a reasonable investigation based upon all available information (C.R.S. §10-3-1104(h)(IV)).

   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (C.R.S. §10-3-1104(h)(VI)).

3

  e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (C.R.S. §10-3-1104(h)(VII)).

  f. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (C.R.S. §10-3-1104(h)(XIV)).

  21. Additionally, Colorado law prohibits an insurance carrier from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant (C.R.S. §10-3-1115(1)(a)), including a first-party claimant of Uninsured and/or Underinsured Motorist Insurance Benefits.

  22. Pursuant to Colorado Law, specifically Colorado Revised Statutes §10-3-1115 and §10-3-1116, where an insurer acts on a first party claim with delay or denial, the insured has an additional civil action for statutory bad faith against the insurer. Pursuant to these statutes, the insured is thus further entitled to recover, court costs, statutory interest, the covered benefit and double the times the amount of each of the covered benefit as a monetary penalty in a Colorado District Court action. Defendant is responsible pursuant to C.R.S. §§10-3-1115 and 1116 for its failure to timely pay and is responsible under said statutes as its failure to pay the undisputed uninsured motorist portion.

  23. Defendant EMC's Underinsured Motorist Bodily Injury coverage benefit is $1,000,000.00. Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $3,000,000.00 for the Underinsured Motorist Bodily Injury, plus court costs and statutory interest.

  24. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

  WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – Defendant EMC)

  25. Plaintiff incorporates paragraphs 1 through 24 above as though fully set forth herein.

  26. The policy issued by Defendant EMC constitutes a contract for Underinsured Motorist Coverage.

  27. Plaintiff has performed all obligations imposed upon him by the policy of insurance.

28. Plaintiff has made a demand for receipt of Underinsured Motorist Benefits to Defendant EMC under the above-named insurance policy.

29. Defendant EMC has failed to adequately and properly respond to Plaintiff's demand.

30. Because of Defendant EMC's actions, as detailed above, and other misconduct that may be revealed in discovery, Defendant EMC has breached the terms of a contract of insurance by failing to fulfill its duties as set forth in the policy.

31. As a direct and proximate result of Defendant EMC's breach of contract of insurance, Plaintiff, as a foreseeable consequence, has been substantially damaged, has been forced to incur expenses, and costs.

32. All damages to Plaintiff are in the past, present, and future whether so specifically delineated in each paragraph or not.

33. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
**(Bad Faith Breach of the Covenant of Good Faith- Defendant EMC)**

34. Plaintiff incorporates paragraphs 1 through 33 above as though fully set forth herein.

35. By virtue of the insurance policy issued to KJT Enterprises at the time of the September 9, 2015, automobile collision, Defendant EMC owed and owes to Plaintiff a duty of good faith and fair dealing in fulfilling its duties to Plaintiff.

36. Defendant EMC's duties to Plaintiff include, among other things, the responsibility to give priority to Plaintiff's interests over its own, and to protect Plaintiff's economic interests and peace of mind.

37. By intentionally and willfully and/or without any substantial justification failing and refusing to pay Plaintiff's claim in a timely manner despite the validity thereof, Defendant EMC has breached their good faith obligation of fair dealing with Plaintiff, and has committed the tort of Bad Faith Breach of Insurance Contract, acting without a reasonable basis in law or fact.

38. The aforementioned breach by Defendant EMC of its good faith obligation of fair dealing includes, but is not limited to the following acts and/ or omissions:

      a.      Failure to properly and adequately investigate Plaintiff's claims;

      b.      Failure to act reasonably prompt in the adjustment of Plaintiff's claim for Underinsured Motorist coverage;

      c.      Failure to acknowledge and act reasonably prompt upon communications with respect to claims;

      d.      Failure to promptly provide a reasonable explanation of the basis in the insurance policy in relation to denial of claim; and

      e.      Failure to comply with C.R.S. § 10-3-1101 *et. seq.*

39.    As a direct and proximate result of Defendant EMC breaching their duties to Plaintiff, Plaintiff has been injured and has been caused to incur expenses, and costs.

40.    All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

41.    Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant EMC, as follows:

a. Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b. Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover reasonable court costs, plus two times the amount of each first party covered benefit; and

c. For actual damages, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

DATED this 15th day of August, 2017.

                                                         LEVINE LAW, LLC

Signed original document maintained and available pursuant to Rule 121

/s/   Andrew J. Phillips, Esq.
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Attorneys for Plaintiff

**Plaintiff's Address**:
19870 E. Caspian Circle
Aurora, CO 80013